## GEORGE E. ROBINSON v. THE STATE.

An objection, that the charge was upon the weight of evidence, will not avail the defendant, unless he excepted to it on the trial.

Though a lease of rooms restrict their use to a particular purpose, the lessor does not thereby retain any control over them, which renders it his duty to prevent their use for illegal gaming.

It should be left to the jury, as a question of fact, whether the lease was a sham device, to shelter the defendant from responsibility, while he really and substantially had the control of the rooms.

APPEAL from Travis. Tried below before the Hon. Alexander W. Terrell.

The appellant was indicted, for permitting a faro bank to be exhibited in his house.

The evidence establised the following facts: The defendant kept a grocery in the city of Austin, in a two-story house; he used the lower story for a bar-room, eucre-room, and billiard saloon; the rooms up stairs were used as sleeping apartments, and were accessible from the front and back streets, and from the lower rooms. During the session of the legislature, in the summer of 1856, O. H. Meroney rented of the defendant, the rooms up stairs, and by the terms of the lease, the rooms were "to be used by the said O. H. Meroney, as bed rooms or sleeping apartments, and for no other purpose whatsoever." Under this lease, Meroney took possession, occupied and controlled the rooms up stairs, and while occupying them, he was seen by the witness, to exhibit faro on two different occasions. The defendant was not in the room at the time, but the witness thought he was engaged at the bar, selling liquor; he was rarely, if ever, up stairs. The rooms up stairs, were regularly used for sleeping apartments, and had all the usual furniture of bed rooms. No one but Meroney, within the knowledge of the witness, had exhibited faro in the rooms; and owing to the crowds in the house, coming in and out of the bar-room, faro

could have been dealt by Meroney, without defendant knowing it. The court instructed the jury, as follows, to wit:

"If you believe from the evidence, that the defendant, George E. Robinson, did, in the county of Travis, at any time within twelve months before the date of finding the indictment in this case, permit an unlawful banking game, called faro, to be exhibited in his house, situate in the city of Austin, you will find him guilty as charged, and will assess his punishment, by imposing a fine in any sum, not less than ten, nor more than one hundred dollars.

"The defendant will be presumed to have permitted faro, if the same was played in his house as charged, with his knowledge, and without his objection to it having been proved; provided he controlled the house at the time, or had the right to control it.

"If the proof shows you, that faro was played in a portion of the house, which had been rented to another, with an express stipulation 'that it should be used for a sleeping apartment, and for no other purpose whatever,' and if you are satisfied, from the facts and circumstances in evidence, that during the term of said lease, the defendant knew that said stipulation was violated, and faro was being played in said room, and it is not shown that defendant made objection thereto, he will be presumed to have permitted the exhibition of said unlawful bank.

"If you are satisfied from the evidence, that said gaming bank, called faro, was exhibited in the house charged in the indictment; that said house was at the time occupied by the defendant, and that said unlawful bank, was so exhibited within twelve months before the date of the finding of the indictment in this case, it is sufficient to convict the defendant of the charge, without proving that he actually permitted it, or had notice that said bank was so exhibited. It is a matter of defence, to negative by proof, the permission to so exhibit said bank; and if said permission to exhibit, has been negatived by proof, you will acquit, and not otherwise, if the above facts have been proved."

No exception was taken at the time, by the defendant, to the

charge of the court; but after he was convicted, he moved for a new trial, upon the ground, among others stated in the motion, that the judge erred in the instructions given to the jury, in his charge; and that the charge was inconsistent, contradictory, confused, and calculated to mislead, and did mislead the jury.

*Hancock & West,* for the appellant.

*Attorney-General,* for the appellee.

ROBERTS, J.—One objection, taken in argument, is, that the court charged upon the weight of evidence, in telling the jury, that if the defendant occupied the house, and illegal gaming was carried on there, he would be presumed to have had notice of it, unless he could show, as matter of defence, that he had no notice of it. Considering all the circumstances developed in evidence, we cannot say that this was an improper conclusion of fact, calculated to mislead the jury; and the defendant not having excepted to it, at the time of the trial, as a charge upon the weight of evidence, it is not available now, even if we should consider that the charge was liable to that objection. (O. & W. Dig. 635, Art. 602.)

Another objection to the charge is, in substance, that it assumes that the defendant retained either a partial or conditional control of the rooms rented to Meroney, which gave him a right, and made it his duty to prevent, illegal gaming in them, upon learning that it was carried on there. We do not think this a proper construction of the terms of the lease. The lease purported to direct the use to be made of the rooms by Meroney, and restricted him to using them only as bed-rooms, or sleeping apartments; but it did not follow, as a consequence of that restriction, that the defendant retained a right to control the rooms, either partially or conditionally, so as to impose it upon him as a duty, to prevent illegal gaming.

The question in the case was, did the defendant have, really and substantially, the control of the rooms; and was not the exe-

cution of the lease to Meroney a false pretence, a sham device, to shelter the defendant from responsibility ? Under the facts in proof, the court might well have submitted that question to the jury. It would have enabled them to have considered the whole case, in the true light, as dictated by their knowledge and observation of such matters.

We think the court incorrectly instructed the jury, as to the legal effect of the terms of the lease; and therefore the judgment must be reversed and the cause remanded.

Reversed and remanded.