## CROCKER V. STATE.

CRIMINAL LAW:    *Clandestine sale of liquors; When landlord involved in guilt of tenant.*

Under section 1926 Mansfield's Digest a landlord who lets a house, knowing at the time of letting it that it is to be used for the clandestine sale of liquors, or who afterwards advises, encourages, or aids such sales, is guilty of a misdemeanor. But when he leases the house for a lawful purpose, his mere non-interference with the subsequent illegal traffic of his tenant, after he becomes aware of it, does not involve him in the tenant's guilt.

APPEAL from *White* Circuit Court.

M. T. SANDERS, Judge.

*J. W. House* for appellant.

Defendant from the proof is guilty of neither of the charges in the indictment. The indictment is based on section 1926 Mansfield's Digest.

The prosecution is based on the idea that Crocker, being the owner of the house, and illegal sales of whisky having been made therein, Crocker is guilty, although such sales were made by another, who was in possession of the house by contract, and had a right to its use and occupancy. This proposition is monstrous. *136 Mass., 148; 24 Tex., 152; 48 Ala., 25; 55 id., 89.*

The third and fourth instructions of the court are erroneous. The law does not require a citizen to involve himself in difficulties, contentions and law suits for the public good. The enforcement of the law is upon the officers and courts. *24 Tex., 152; 55 Ala., 89.*

*Dan W. Jones*, Attorney-General, for appellee.

The evidence in this cause shows very clearly that the defendant knew, and under the circumstances must have known,

that Ed. Jones, his tenant, was selling whisky in the house he had rented him. Appellant took parties there himself to buy whisky, and told others they could buy it there; so there can be no question about his knowledge of the fact that his tenant was violating the law. But if this were not true, in this class of cases no guilty intention is necessary. *Edgar v. State, 37 Ark., p. 219; Crampton v. State, 37 id., p. 108; Redmond v. State, 36 id., p. 158.*

The appellant, knowing that his tenant was using the house for the illegal purpose, cannot shield himself by saying that he had rented his house, and had nothing to do with it, for the testimony shows that he did have a good deal to do with it by carrying parties there to buy. He cannot resort to any subterfuge to evade the laws. *Looney v. State, 43 Ark., p. 389.*

If Jones' rental was for a valid and legal purpose, the moment he used it for a purpose in direct violation of a plain and penal provision of the statute, and his landlord knew it, under section 1926 of Mansfield's Digest, it was his duty to have made some effort to take possession of the property. In law he could have recovered the property by proper action, but instead of that he actually encouraged the perpetration of the crime. He clearly did "*allow*" to be kept in the house owned by him whisky for sale, and he clearly did "*allow*" the whisky to be sold therein.

This case involves the construction of section 1926 of Mansfield's Digest, and we think the lower court placed upon it the right construction.

SMITH, J. The indictment charges, in one count, that the defendant, being the owner of a house in the town of Russell, did allow one Jones clandestinely to sell ardent spirits therein. A second count alleged that he allowed Jones to keep such spirits for clandestine sale in said house.

The indictment is based on section 1926 Mansfield's Digest, which provides as follows :

"Any person owning, or using, or controlling any house or tenement of any kind, who shall sell or give away, or cause or allow to be sold or given away, or keep or allow to be kept for sale or to be given away, any alcohol, ardent or vinous spirits or malt liquors, or any compound or tincture commonly called bitters or tonics, whether the same be sold or given away openly or secretly by such device as is known as 'the blind tiger,' or by any other name or under any other device, shall be deemed guilty of a misdemeanor."

The testimony was that Crocker had, in March or April, 1885, let to Jones a storehouse at $10 a month for the remainder of that year; that Jones represented that he wished to open a family grocery and run a billiard table; that Jones very soon thereafter began to sell whisky, in some cases openly, but in others by clandestine means, the device being for the customer to go behind the counter, get a bottle of whisky, and deposit the price thereof in a drawer; that Crocker promoted and assisted in such sales by informing thirsty persons that liquor was to be had· at Jones', and that Jones was shortly afterwards arrested for keeping a "blind tiger."

The court refused the defendant's prayer for directions, to the effect that Crocker could not be convicted without proof; that he knew, at the time of leasing, that Jones was going to engage in the clandestine sale of intoxicating liquors. And it charged in effect that if the tenant used the premises for an illicit purpose, it was the right and duty of the landlord to put an end to the lease, and that his failure to take active measures to stop the traffic, after he had knowledge of it, was allowing the spirits to be sold, within the meaning of the statute. The jury returned a verdict of guilty, and the defendant was condemned to pay a fine of $200 and suffer thirty days' imprisonment.

The refusal of defendant's prayers was not an error. A landlord may be convicted under this act upon evidence that he knew, at the time of the letting, the purpose for which the house was to be used, or that he afterwards advised, encouraged or aided the illegal traffic. The evidence would have been sufficient to convict Jones. And all who procure, participate in, or assent to the commission of a misdemeanor, are punishable as principals. *Foster v. State, 45 Ark., 361*, and cases cited; *Fortenbury v. State, 47 id., 188; People v. Erwin, 4 Denio, 129; State v. Williams, 30 N. J. Law, 102.*

But the court went too far in instructing the jury that the mere non-interference of the landlord, after he became aware that his tenant was violating the law, involved him in the guilt of his tenant. The enforcement of a law is a duty which rests primarily upon the officers and courts. The law is not so unreasonable as to require the private citizen to embroil himself in personal difficulties, contentions and law suits for the public good. *Robinson v. State, 24 Tex., 152.*

Reversed and a new trial ordered.