## C. A. A. CORDES v. THE STATE OF KANSAS.

1. PROHIBITORY LAW; *Lien for Fine; Practice.* Where an action is brought under §18 of the prohibitory liquor law against the owner of premises that have been leased to another, to enforce a lien for the fine and costs which have been adjudged against the occupant for the unlawful sale of intoxicating liquors, it is not essential to a recovery that the petition or evidence should show that the owner of the premises witnessed or had knowledge of the particular sales upon which the occupant was convicted. It is enough to allege and prove that the premises had been leased to the occupant, and that the owner had knowingly permitted the occupant to use the premises for the unlawful sale of intoxicating liquors, during the time the sales were made upon which the convictions were had.

2. ——— *Evidence of Title.* In establishing the ownership of property against which the lien is sought to be enforced, a deed purporting to convey property to the defendants is admissible in evidence, where the description therein given of the property, taken in connection with well-known facts that are in testimony, fairly designates the property described in the petition. (*Seaton v. Hixon*, 35 Kas. 663.)

3. LEASED PREMISES; *Owner's Knowledge of Unlawful Use.* An owner of leased premises can only be made liable under this statutory provision when he knowingly permits the occupant to use the premises for the unlawful sale of intoxicating liquors; but knowledge sufficient to excite the suspicions of a prudent man, and to put him upon inquiry, is equivalent to knowledge of the ultimate fact.

*Error from Wabaunsee District Court.*

THE opinion states the nature of the action, and the facts. Trial at the November Term, 1885, and verdict and judgment for *The State.* The defendant *Cordes* brings the case to this court.

*A. H. Case*, for plaintiff in error.

*W. A. Doolittle*, county attorney, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The prohibitory liquor law provides that all fines and costs assessed against persons for a violation of the law shall be a lien upon the real estate of such persons; and it also provides that if any person shall let or lease his building and premises, and knowingly suffer the same to be used and occupied for the sale of intoxicating liquors, contrary to the provisions of the act, the premises so leased and occupied shall be subject to a lien for and may be sold to pay·all fines and costs assessed against the occupant for any violation of the act, and that such lien may be enforced by civil action in any court having jurisdiction. (Laws of 1881, ch. 128, § 18.) The present action is brought in the name of the state, in pursuance of that provision, to enforce a lien against certain real estate owned by C. A. A. Cordes, in Wabaunsee county. The allegations of the petition in substance are, that one Joseph Westende was prosecuted upon an indictment containing seven counts, in which he was charged with having sold intoxicating liquor in violation of the law on certain days in 1884, "in a frame building, at that time known and commonly called the Cottage Hotel, now the Eskridge Hotel, situated on lot 1, in block 8, in the town of Eskridge, sometimes called East Eskridge, in Wilmington township, in Wabaunsee county, in the state of Kansas." It was averred that Westende pleaded guilty upon two counts of the indictment, and was adjudged to pay a fine of two hundred dollars and the costs of the action, taxed at $47.65; and also that the fine and costs had not been paid. The further allegation was made, that "C. A. A. Cordes, the defendant in this action, was, at the time of the commission of the offense charged in said indictment, and now is, the owner of the premises described in said indictment, and leased said premises to said Joseph Westende for

4—37 KAS.

the sale of intoxicating liquors contrary to law." A general denial closed the issues; and a trial before a jury resulted in a verdict and judgment in favor of the state.

Cordes presents several assignments of error, which must be determined against him. The first objection was to the admission of any testimony under the petition, because it was not alleged that the defendant knowingly permitted the premises to be used by Westende for the sale of the liquors to which Westende pleaded guilty and was convicted. In other words, he insisted that the lien could not be enforced unless it was alleged and proved that Cordes had knowingly permitted the particular sales upon which the conviction of Westende was had. The question was raised again in the refusal of instructions embodying the same idea, which were requested by the defendant. The position of the plaintiff in error is not tenable. Nothing in the statute requires such an interpretation; and to hold it necessary to allege and prove that the lessor knew of and acquiesced in the particular sales on which the conviction of the occupant rested, would practically defeat the object of the legislature in framing the provision, as such proof could rarely be made. If the theory of plaintiff in error is correct, a person who had purposely leased his premises for such unlawful use could avoid liability under the statute by simply absenting himself from the premises while the sales were being made. It involves the absurdity of the owner, knowing that the occupant was engaged in the business of selling liquor unlawfully every day and to all who would buy, and yet escape liability because he did not chance to see or learn to whom the sales were made. It is enough to aver and show that the premises had been leased to the occupant, and that the lessor had knowingly permitted the occupant to use the premises for the unlawful sale of intoxicating liquors during the time the sales were made upon which the convictions were had. Reading all the allegations of the petition together, they sufficiently show that Cordes knowingly permitted the premises to be used and occupied for the unlawful sale of intoxicating

1. Prohibitory law; lien for fine; practice.

liquors during the time the sales in question were made; and the evidence shows that Westende occupied the premises only about two months prior to the 11th day of December, 1884, and during that time Westende sold intoxicating liquors to Cordes and to others in his presence.

Another objection was made, to the admission in evidence of a certain deed which was offered for the purpose of showing a conveyance of the premises in question to Cordes, and that he was the owner thereof. The objection was, that the description of the premises given in the deed did not conform to that stated in the petition and indictment. In the deed the description was, "lot No. 1, in block 8, in the town of East Eskridge, Wabaunsee county, and state of Kansas." The description in the petition in this case, and in the indictment in the prosecution against Westende, was, "in a frame building at that time known and commonly called the Cottage Hotel, (now the Eskridge Hotel,) situated on lot 1, in block 8, in the town of Eskridge, (sometimes called East Eskridge,) in Wilmington township, in Wabaunsee county, and state of Kansas." It will be observed that in both the deed and in the petition the lot is designated by the same numbers, and clearly designated as a portion of East Eskridge. It appears from the testimony that two town sites had been platted in Wilmington township, Wabaunsee county — one as Eskridge, and the other as East Eskridge. They lie together, and form one town, which is commonly called Eskridge by the people of the town and neighborhood. There are still other facts which leave no doubt that the lot described in the deed is the same as that mentioned in the petition, and anyone acquainted with these facts and with the descriptions given will have no difficulty in locating it. The hotel mentioned in the petition is well described, and it stands on lot 1, in block 8, in that part of the town called East Eskridge, and there is no hotel of that name or description elsewhere in the town or even in the township. Then again, there is no lot 1, in block 8, in the town site which was platted as Eskridge, and the only premises in the county of Wabaunsee to which the description

given in the petition could and did apply was the lot described in the deed. Under this state of facts it is clear that both the descriptions fairly designate the same lot, and that the ruling of the court in admitting the deed in evidence was correct. (*Seaton v. Hixon*, 35 Kas. 663; 12 Pac. Rep. 22.)

2. Evidence of title.

An exception was taken to the last clause of the following instruction, which was given by the court:

"I further instruct you that the defendant knowingly suffered the premises described in the petition to be occupied for the sale of intoxicating liquor, may be shown either by positive proof or circumstantial evidence, or by both; and in determining this question you may take into consideration all the circumstances which have been proven to exist tending to show that the defendant actually had some knowledge that intoxicating liquor was being sold on the premises prior to the time already indicated; and *I further instruct you that under the circumstances of this case, knowledge sufficient to excite suspicions of a prudent man, and to put him upon inquiry, would be equivalent to knowledge of the ultimate fact.*"

This is a correct statement of the law, and under the pleadings and evidence it was applicable to the present case. We find no error in the record, and will affirm the judgment of the district court.

3. Leased premises; owner's knowledge of unlawful use.

All the Justices concurring.