SCHOOL DISTRICT No. 63, IN WABAUNSEE COUNTY, v. THE CHICAGO LUMBER COMPANY.

1. IRREGULAR JUDGMENT, *When Enforced.* A judgment, which is irregular but not void, will not be set aside merely on a motion filed four years after the judgment was rendered; but such judgment will be enforced.

2. JUDGMENT, *Whether Void or Valid, When Immaterial.* Where a separate judgment is rendered against each of two separate defendants, it is immaterial, for the purpose of enforcing the judgment against one of the defendants, whether the judgment against the other defendant is void or valid.

*Error from Wabaunsee District Court.*

THE opinion states the case.

*E. H. Sanford,* for plaintiff in error.

*Frank H. Foster,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On January 24, 1883, in an action then pending in the district court of Wabaunsee county, in which M. T. Green, Frank Colpetzer, and Robert Pierce, who were partners in business under the firm-name of the Chicago Lumber Company, were the plaintiffs, and School District No. 63, of Wabaunsee county, Kansas, and S. J. Martin were the defendants, a trial was had as between the plaintiffs and the school district, and a verdict and judgment were rendered in favor of the plaintiffs and against the school district for the sum of $477.41, and such judgment was declared to be a lien upon lot number 28 in Ensign's addition to East Eskridge, in the county of Wabaunsee; and a judgment was also rendered in favor of the plaintiffs and against S. J. Martin upon a default for the sum of $545.75, and for costs of suit. Within proper time the school district filed a motion for a new trial; and this motion was overruled on October 12, 1883. Afterward many proceedings were had with reference to the case which are now immaterial, and which we shall not now take

the trouble to mention; but finally, and on June 15, 1887, the school district filed a motion in the district court to set aside and vacate the aforesaid judgment against itself. Afterward, and on July 16, 1887, an alternative writ of *mandamus* was allowed by the judge of the district court, and issued, ordering the school-district board to levy a tax to pay said judgment or to show cause why it should not do so. The school board made return to this writ. On July 22, 1887, the motion to set aside and vacate said judgment, and the issues tendered by the alternative writ of *mandamus* and the return thereto, were heard by the court, and decided. The court overruled the motion, and awarded a peremptory writ of *mandamus;* and to reverse the order overruling the motion and the judgment awarding the peremptory writ of *mandamus*, the school district as plaintiff in error, and no one else, brings the case to this court, making the Chicago Lumber Company, and no one else, the defendant in error. The plaintiff in error sets forth in its brief filed in this court its various grounds for reversal, as follows:

"1. The judgment was void, it being a money judgment, in a proceeding to foreclose a mechanics' lien and a money judgment against Martin, the contractor, without personal service.

"2. The decree of foreclosure is against property not decribed in the plaintiff's statement for a mechanics' lien.

"3. The petition was not sufficient in law to authorize a judgment thereon against the school district.

"4. The court had no jurisdiction over Martin, the contractor, and the judgment was void as against the school district.

"5. The school district did not authorize its attorneys to enter a general appearance to the action before Martin, the contractor, was made a party, and that their appearance was made inadvertently, and they were misled, caused by the approval, by the trial judge, of service by publication, when in fact there was no service on Martin.

"6. The school district is aggrieved by this verdict and judgment, and prejudiced thereby.

"7. The district has a valid defense to the action."

The plaintiff in error also sets forth in its brief filed in this

court its various grounds for reversal in a much more elaborate form than above, but they are too voluminous to be copied into this opinion, and it is not necessary to copy them, for the above gives their substance. If the judgment rendered on January 24, 1883, in favor of the Chicago Lumber Company and against the school district, is, upon the showing made to the court below, void, then of course the court below erred in not sustaining the motion to set aside such judgment, and also erred in granting a peremptory writ of *mandamus* to enforce the judgment. But if such judgment is not void, then no such error was committed. If the judgment is not void, it is immaterial now, and in this proceeding, how irregular it may be. It is also immaterial whether the judgment rendered in favor of the Chicago Lumber Company and against Martin is regular or irregular, valid or void. Martin is not complaining. But neither judgment is void. It may be that the judgment rendered against the school district is slightly irregular in form, but if so, still the irregularity does not render it void. The judgment is nevertheless to be enforced in accordance with the provisions of § 31, article 4, chapter 122 of the Laws of 1876. (Compiled Laws of 1885, p. 827, ¶ 5492.) The judgment against Martin is also very irregular, and can affect him only so far as it has reference to the property mentioned in the judgment. The court unquestionably had jurisdiction of the school district and of the subject-matter of the action, and had the right unquestionably to render against the district, substantially the very judgment which it did render against it. The property described in the judgment is lot number 28 in Ensign's addition to East Eskridge. The property described in the mechanics' lien is described in precisely the same manner, except that the description leaves out the word "East." This, from anything appearing in the case, can make no possible difference, as it was not shown that there was any other Ensign's addition to Eskridge, or any other Ensign's addition to any part of Eskridge, than Ensign's addition to East Eskridge. (See also *Cordes v. The State*, 37 Kas. 51.)

We think no error was committed by the court below; and both the order overruling the motion to vacate and set aside the judgment, and the judgment granting a peremptory writ of *mandamus,* will be affirmed.

All the Justices concurring.