ANNA B. HALL, Respondent, *v.* EDWARD B. GERMAIN et al., Impleaded, etc., Appellants.

While a landlord cannot be made liable under the Civil Damage Act (Chap. 646, Laws of 1873) for damages resulting from the sale of liquor by his tenant unless it is shown that he knew when the lease was executed that the premises were to be used for the sale of liquor, at least unless it appears that the sale by the tenant was unlawful, and the landlord, after knowledge, failed to enforce the forfeiture of the lease incurred thereby, knowledge, at the time of the letting, of an agent who acted for him in making the lease, is imputable to him, and he may not escape liability on the ground that he had no actual knowledge.

*It seems* a landlord is not required, in order to escape liability under the act, to insert in the lease a covenant on the part of the tenant not to sell liquor on the premises.

*It seems,* also, where a lease is at will or sufferance, or the occupation of the premises is by mere permission of the owner, it would be his duty

to interpose, in order to escape liability, on the fact coming to his knowledge that liquor was being sold on the premises.

In an action under the statute against the landlord, his agent, McG., and the tenant who sold the liquor which caused the intoxication of plaintiff's husband resulting in his death, it appeared that the premises were originally leased by the agent to one G. for one year; that G. continued in possession for four years, using the premises as a saloon, selling liquor as part of the business, and then sold his stock to McG., who thereafter was permitted to occupy without any lease being executed, using the premises with the knowledge of the agent for the same purpose. Defendants offered to show that when G. leased the premises he agreed not to sell intoxicating liquors therein; this was refused. *Held,* no error.

The court charged that if the liquor sold by McG. to the deceased contributed in the slightest degree to his intoxication, and such intoxication resulted in the injury complained of, the case was within the statute. *Held,* no error.

Also *held,* that in the absence of an exception raising the question as to the right to recover against the agent, it could not be considered here.

(Argued March 11, 1892; decided March 25, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made April 17, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This was an action to enforce a liability under the Civil Damage Act (Chap. 646, Laws of 1873). It was brought by plaintiff to recover damages for the death of her husband, alleged to have been caused by his own intoxication, which was produced by liquor sold to him by defendant McGovern on premises he leased from defendant Edward B. Germain as agent and manager of the owner, defendant James T. Germain.

The facts, so far as material, are stated in the opinion.

*J. A. Stull* for appellants. The court erred in its charge that, no matter how little, any liquor sold by defendant McGovern to decedent Hall contributed to his intoxication — " if the liquor which he sold contributed in the slightest degree, then he is liable." ' (*Chase* v. *Kensniston,* 76 Me. 209 ; *Blatz* v. *Rohrback,* 116 N. Y. 450.) The court erred in its charge on return

of the jury on the subject of the use by the jury of the annuity tables. (*Brockway* v. *Patterson*, 40 N. W. Rep. 192.) The relation of Edward B. Germain to the property was such that, under the statute, the action was not maintainable against him. The action was not maintainable as against defendant James T. Germain. (*Volans* v. *Owen*, 74 N. Y. 526, 529 ; *Bertholf* v. *O'Reilly*, 74 id. 509 ; *Mead* v. *Stratton*, 87 id. 493 ; Cooley on Torts, 255 ; *Loan* v. *Hiney*, 53 Ia. 89 ; *Myers* v. *Kirk*, 57 id. 421 ; *Freese* v. *Tripp*, 70 Ill. 496 ; *Neisel* v. *Anthis*, 71 id. 241 ; *Fentz* v. *Meadow*, 72 id. 540 ; *Decker* v. *Stawing*, 57 How. Pr. 495 ; *Hayes* v. *Phelan*, 4 Hun, 733 ; *Blatz* v. *Rohrbach*, 116 N. Y. 450.)

*George P. Decker* for respondent. The motion for a nonsuit which was made only in behalf of James T. Germain, was properly denied by the trial judge, and the judgment properly affirmed by the General Term. (Laws of 1873, chap. 646, § 1 ; *Bertholf* v. *O'Reilly*, 74 N. Y. 509 ; *Vil. of Lancaster* v. *Richardson*, 4 Lans. 139 ; Story on Agency, § 140 ; *Myers* v. *M. L. Ins. Co.*, 99 N. Y. 11 ; *Hyatt* v. *Clark*, 118 id. 569 ; *Brice* v. *Bauer*, 108 id. 432 ; *Smith* v. *Reynolds*, 8 Hun, 128 ; *People* v. *Meyers*, 95 N. Y. 225 ; *Reid* v. *Terwilliger*, 116 id. 536 ; *Jackson* v. *Gillchrist*, 15 Johns. 116 ; *Cuminer* v. *Suprs.*, 63 Barb. 292 ; Sedg. on Stat. Const. 282 ; *Hudler* v. *Golden*, 36 N. Y. 446 ; *Tallman* v. *S., etc., R. R. Co.*, 4 Keyes, 128 ; *Mead* v. *Stratton*, 87 N. Y. 496 ; *Sickles* v. *Sharp*, 13 Johns. 497 ; *People* v. *Bartow*, 6 Cow. 293 ; *Condit* v. *Baldwin*, 21 N. Y. 221.)

ANDREWS, J. We concur in the opinion of Judge DWIGHT at the General Term, that knowledge by the agent, Edward B. Germain, at the time he leased the premises for a saloon, that intoxicating liquors were to be sold therein, and their subsequent use for that purpose, is imputable to his principal. The words of the statute " and having knowledge that intoxicating liquors are to be sold therein," were inserted to prevent an interpretation which would subject the landlord

to liability when intoxicating liquors should in fact be sold on the leased premises, although they were not let for that purpose, and the landlord did not know or understand at the time the lease was made that liquor was to be sold therein. The liability of a lessor under the act is to be determined by his knowledge at the time the lease was given. If he does not then know that the premises are to be used for the sale of liquor and does not intentionally shut his eyes, he is not liable under the act, although the tenant does subsequently during the term use the premises for the sale of liquor. It would be most unreasonable to charge a landlord with liability, who let his premises, not knowing that they were to be used for the sale of liquor, on the mere ground that the premises were in fact so used by the tenant. The landlord could not terminate the lease because liquor was sold therein, unless it was so provided in the lease, or unless the sale by the tenant was unlawful, that is to say, without his being licensed to sell. If the sale by the tenant was unlawful, that *ipso facto* under the statute works a forfeiture of the lease; and if the landlord, after knowledge that the forfeiture has been incurred, failed to enforce the forfeiture and enter upon the premises, a different question would be presented. The landlord is not bound to insert a covenant on the part of the tenant in the lease, not to sell liquor on the premises, in order to escape liability. He can only be made liable when it is shown that he knew when the lease was executed that the premises were to be used for the sale of liquor. It would not, we apprehend, be sufficient to establish his liability under the act that he let the premises for a store, except the jury should find that he knew or had reason to know that the sale of liquor would be a part of the business to be carried on. This being the construction of the statute, it is apparent that the words " having knowledge," etc., were not inserted to change in these cases the rule that the knowledge of the agent of any facts which are part of the *res gestæ* of his agency, is imputed to the principal. The civil obligations and liabilities of the landlord in these as in other cases of agency are to be regulated upon this principle.

The landlord's knowledge may, like any other fact, be established by direct or circumstantial evidence, but however established, it must relate to the time of the lease. Where the lease is at will or sufferance, or the occupation of the premises is by mere permission of the owner, without any lease, it would be the duty of the owner to interpose on the fact coming to his knowledge that liquor was being sold on the premises, if he would protect himself thereafter from liability. In the present case the agent let the premises knowing that they were to be used for the sale of liquor. They were occupied for years as a saloon and rents were received, and as the evidence tends to show, accounted for to the principal, although the latter had no actual knowledge of the purpose for which the premises were rented or used. But under the general principle, knowledge of the agent was knowledge of the principal. The statute should have a just and fair construction. It would afford a wide opportunity for evasion, if a landlord could leave the management of his property to his agent and take the benefit of his leases for the business of liquor selling, and escape liability on the ground that he had no actual knowledge that the premises were let for such a purpose, although the agent at the time of the letting had such knowledge.

There was no error in the refusal of the offer by the defendants' counsel to show by the witness Guelf that when he leased the premises from Edward B. Germain in 1878, the witness agreed not to sell intoxicating liquors therein. The lease to Guelf was for one year, but he continued in occupation until 1882, when he sold his stock to McGovern, who thereafter occupied the premises until 1887, and he sold the liquor to the plaintiff's husband, which caused the intoxication and the consequent injury upon which the action is founded. Guelf testifies that he had no lease when he sold to McGovern, and that in the sale to the latter nothing was said about any lease. McGovern was at most a tenant from year to year, and the evidence leaves no doubt that he was permitted by Edward B. Germain to occupy the premises as a saloon and for the sale of liquor as part of the business.

The court charged the jury that if the liquor sold by McGovern to the deceased contributed in the slightest degree to his intoxication, and such intoxication resulted in the injury complained of, the case was within the statute. The language of the statute is, " shall have caused the intoxication in whole or in part." We assent to the proposition that it must appear that liquor sold by a defendant charged under the act must have contributed in an appreciable degree to the intoxication. We do not understand the charge as contravening this principle. No exception raises any question as to the right to recover against Edward B. Germain, the agent who leased the premises. If the point was before us, it would have to be considered whether an agent, who lets premises or permits their occupation for liquor selling, is within the purview of the act.

The judgment should be affirmed.

All concur, except EARL, Ch. J., dissenting.

Judgment affirmed.