ELIZABETH O'ROURKE, RESPONDENT, *v.* CHARLES PIATT, APPELLANT, IMPLEADED WITH JOHN DE GRAW.

*Civil damage act of* 1873 — *sale of intoxicating liquor on leased premises* — *landlord's liability.*

A landlord's liability, under the civil damage act of 1873 (chap. 646), for damages resulting from the sale of intoxicating liquors by the tenant on leased premises, resulting from the statutory words creating the liability, " and having knowledge that intoxicating liquors are to be sold therein " is to be determined by the landlord's knowledge at the time the lease was given; and he can only be made liable when it is shown that he knew, when the lease was executed, that the premises were to be used for the sale of liquor.
*Hall* v. *Germain* (131 N. Y., 536) followed.

APPEAL by the defendant, Charles Piatt, from a judgment of the Supreme Court, entered in the office of the clerk of Orange county on the 28th day of August, 1892, in favor of the plaintiff, on a verdict for $1,500 against both the defendants, John De Graw and

Charles Piatt, rendered at the Orange County Circuit, and from an order denying a motion for a new trial made on the minutes.

The action was brought April 13, 1892, under the civil damage act of 1873 (chap. 646 of Laws of 1873), by Elizabeth O'Rourke, widow of Patrick O'Rourke, deceased.

*W. F. O'Neill,* for the appellant.

*W. J. Groo,* for the respondent.

Barnard, P. J. :

A recovery was had in the case against the defendant De Graw for creating an intoxication, in whole or in part, which resulted in the death of Patrick O'Rourke in August, 1891. The defendant Piatt was made a defendant as the owner of the premises where the intoxicating liquors were sold. The allegations against him being that "he rented said building and premises to the defendant De Graw, and permitted him to occupy and use the same during all of said time as a place for the sale of intoxicating liquors, with the full knowledge that they were to be and were being so used." The Court of Appeals, in a recent case, has held that the landlord's liabilty under chapter 646, Laws of 1873, derived from the words creating the liability " and having knowledge that intoxicating liquors are to be sold therein," is to be determined by his knowledge at the time the lease was given, and that he could only be made liable when it was shown that she knew when the lease was executed that the premises were to be used for the sale of liquor. (*Hall* v. *Germain,* 131 N. Y., 536.)

Under this rule there was a complete failure of proof against the landlord. De Graw, the tenant, was called by the plaintiff and testified that the premises were rented by him from Piatt "for a restaurant," and Piatt "said he would not rent his place to sell liquor and beer in," and that he took the premises with that understanding. The case against the landlord stood solely on this proof when the plaintiff rested and the case against him should have been then dismissed. It should have been also dismissed at the close of the evidence. It then appeared that the lease was given upon the condition that the premises were not to be used to sell strong drink in. That although the landlord went monthly to collect his rent, he never

saw any sale of liquor there. That the bar and its fixtures came from a former tenant. That the beer pump was not used, but the beer sold was drawn from a faucet under the bar so as to deceive the owner. That the bar appearance would fit the restaurant as well as the ordinary liquor business, and the lease was expressly given upon the assurance that the bar would be kept to sell small and birch beer and cigars. If a liability would be established by knowledge subsequent to the lease that it was being violated, there was an entire absence of proof to show that.

The judgment against Piatt should be reversed and a new trial granted, costs to abide event.

Pratt, J., concurred.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.