## Morgan v. Chamberlain, et al.

(Decided December 10, 1913).

### Appeal from Union Circuit Court.

Landlord and Tenant—Termination of Tenancy—Forfeiture—Breach. —A tenancy cannot be terminated for a breach of covenant by the lessee where there is no provision in the lease for a forfeiture or a right of re-entry on the occurrence of the breach.

DRURY & DRURY for appellant.

MORTON & MORTON and C. Z. CAMBRON for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

By a written lease, dated April 2, 1909, Miss Virginia Richeson leased her farm in Union County, to C. I. Mattingly and T. S. Chamberlain, for a period of five cropping years, to end December 31, 1913, at an annual rental of $650.00. The lease contained this clause:

"And for each year's rent the parties of the second part agree to execute a note with personal security to be approved by D. H. Hughes, agent for the owner of the land; (and) in addition to this security there shall be a lien in favor of the owner upon the crop raised each year for that year's rent, as well as for any rent that may be due and in arrears for any previous year."

On June 28, 1912, Miss Richeson sold and conveyed her farm to the appellant, William M. Morgan, and assigned the lease to him. In compliance with the clause of the lease above quoted, Mattingly signed and executed a note to Morgan for $650.00, with Mrs. Katie Chamberlain, a married woman, as security thereon, and sent the note to Morgan. Morgan, however, declined to accept Mrs. Chamberlain as a satisfactory surety, and notified Mattingly that unless he complied promptly by giving a note with adequate security, he would proceed to forfeit the lease.

Mattingly and Chamberlain having failed to offer any additional security, Morgan brought this action on May 20, 1913, to forfeit the lease and obtain possession of his farm, with damages for its detention; and a demurrer having been sustained to his petition, Morgan appeals.

Morgan contends that the failure of Mattingly and Chamberlain to execute the rent note required by the lease operated as a forfeiture thereof. This is not the modern rule.

In Taylor on Landlord and Tenant, 9th Edition, paragraph 489, it is said:

"The forfeiture of a term generally occurs in consequence of a breach of some stipulation contained in the contract under which the tenant occupies the premises, but the common law doctrine of forfeiture founded on strictly feudal principles, appears not only to be inapplicable to the present state of society, but unjust in many respects; for which courts are adverse to enforcing them. Hence, a default in the payment of rent where there is a covenant in the lease for its payment, but no condition providing for a re-entry in case of the default, does not work a forfeiture of the term. For the same reason, a stipulation giving a power of re-entry to the landlord for breach of any other convenant is to be strictly construed; and in order to enforce it, there must not only be such a breach shown as it was the clear intention of the parties to provide for, but the landlord must show that he has done everything required on his part to perfect his right to enter. * * *

"Where a lease contained a proviso for re-entry if the tenant should make default in the performance of any of the covenants therein contained, it was held to extend only to affirmative covenants and not to those of a negative character, for they were not to be performed."

And, in 24 Cyc., 1349, the rule is laid down as follows:

"A tenancy cannot be terminated for a breach of covenant by the lessee where there is no provision in the lease for a forfeiture or a right of re-entry on the occurrence of the breach. This rule applies equally well not only to a breach of covenant to pay rent, but also to the breach of a covenant against assigning or subletting, the breach of a covenant as to the payment of taxes and assessments, the breach of a covenant as to the use of the premises, or the breach of a covenant to make repairs.

"The lessor may declare a forfeiture, where the lease provides therefor, on the breach of a covenant against assigning or subletting; but he cannot do so where the lease does not provide for a forfeiture, except in those states where a statute authorizes a forfeiture on the breach of such a covenant."

Commonwealth v. Morris, 129 Ky., 444, sustains the rule above announced.

Had there been a provision in the lease providing for its forfeiture for the breach of any of its provisions, appellant might have been in a position to maintain his action; but, there being no such provision in the lease, we are of opinion the circuit court properly sustained the demurrer to the petition.

Judgment affirmed.