CASE 38—INDICTMENT—OCTOBER 31.

# Commonwealth v. Pulaski County Agricultural and Mechanical Association.

### APPEAL FROM PULASKI CIRCUIT COURT.

1. CORPORATIONS ARE LIABLE TO INDICTMENT whenever the offense consists either in a misfeasance or in a non-feasance of duty to the public, and the corporation can be reached for punishment as by a fine and the seizure of its property. If the penalty prescribed for the offense be both fine and imprisonment the statute is inoperative as to the imprisonment, as that part of the punishment can not, from the nature of the offender, be carried out.

    An incorporated fair association is liable to indictment for permitting gaming upon its fair grounds.

2. GAMING—REPEAL OF STATUTE.—The act of March 25, 1886, amending article 1 of chapter 47 of the General Statutes, entitled "Gaming," is not in conflict with sections 7 and 10 of that article, and therefore does not repeal them.

W. J. HENDRICK, ATTORNEY GENERAL, AND WM. HERNDON FOR APPELLANT.

1. Corporations can actually and actively commit nuisances. (4 Am. & Eng. Encyclopedia of Law, 267.)

    The offense charged in this case is analogous to a nuisance, if not a nuisance itself.

Commonwealth v. Pulaski County Agricultural and Mechanical Ass'n.

2. While a corporation can not be indicted for crimes punishable by imprisonment only, yet a corporation can be punished by fine which, will be made out of corporate property.

Here only that part of the statute would be operative which prescribes a fine. (Gen. Stats., chap. 47, secs. 7 and 10.)

3. For any game played on a machine or contrivance kept in a house ordinarily for amusement, with the owner's knowledge or permission, if anything of value was bet, won or lost, he would be liable for suffering gaming in his house. (Ritte v. Commonwealth, 18 B. M., 40; Commonwealth v. Foraise, 5 Bush, 325; Commonwealth v. Branham, 3 Bush, 1.)

O. H. WADDLE for appellee.

If a tort or offense is committed by an officer, agent or employe of a corporation in the performance of a corporate act the corporation is responsible. If the offense is committed in the performance of an act not within the scope of the powers of the corporation the corporation is not responsible, but the individual is. (Cooley on Torts, 119, 121; Taylor's Law of Corporations, sec. 336; Miller v. Burlington R. Co., 8 Neb., 219; Weckler v. First Nat. Bank, 42 Md., 581; Commonwealth v. Watson, 2 Duv., 408.)

CHIEF JUSTICE HOLT delivered the opinion of the court.

The appellee, the Pulaski County Agricultural and Mechanical Association, a corporation, was indicted for permitting gaming upon its fair grounds. A demurrer was sustained to the indictment and it dismissed. It is contended that a corporation can not commit this offense.

It was in the early history of the law held that as a corporation was soulless it could do no wrongful or immoral act, and could not therefore be liable in tort. This doctrine has long since become obsolete, and it has long been well settled that a corporation is liable *civiliter* for all torts committed by its authority, express or implied.

With the growth of corporations came the necessity for this rule, and its adaptability to changed circumstances is an excellence of the common law. So far does the rule extend that a corporation is liable civilly for every intended or negligent wrong it may do, although the act may be

*ultra vires.* If it be incidental to or connected with its business, or if it ratify the transaction, as by accepting the benefit, it must respond in damages, although the act be done, as it must, by an agent. In time it came to be admitted that a corporation was liable to be indicted for a neglect of duty or a mere *non-feasance,* but it was claimed that its nature did not admit of its doing positive wrong and that therefore it was not liable criminally for a *misfeasance,* whereby a wrong was done by a violation of its duty.

This same reason, however, if sound, applied equally to *civil* as well as *criminal* injuries, and it soon became known from experience that, as has been said, if a corporation has no hands with which to strike it may employ the hands of others. This distinction was, therefore, properly disregarded as unsound.

If the argument be sound that a corporation is not liable to indictment for any offense because the criminal act was not warranted by its corporate powers, then the same reasoning would result in its non-liability for all wrongs, civil as well as criminal. Such a rule would lead to its absolute impunity for all wrongs which the experience of this day shows would produce great injustice, both to individuals and the public.

If it be said that the individuals who might do the act would be liable it may be said that this is true as to every servant or agent who does a wrong; but because this is so the principal is not exempt. Indeed it has been and should be rather the policy of the law, because that is likely to the better protect from the commission of wrong, to look rather to the principal than the agent; and, it seems to us especially should this be so in the case of

corporations, for whose benefit the act is done or, being connected with its business, is negligently omitted to be done, its directors in charge or its workmen being perhaps unknown and irresponsible. The object should be to reach and punish the real power in the matter and thus prevent a repetition of the offense.

Experience showed the necessity of modifying the old rules, and the decided tendency of modern decision has been to extend the application of all legal remedies, both civil and criminal, to corporations and subject them thereto as in the case of individuals so far as is possible.

It is, therefore, now well settled in the courts of this country as well as in England that they are indictable for *misfeasance* as well as a *non-feasance* of duty unlawful in itself and injurious to the public.

It has, therefore, been held that they may be indicted for a nuisance, whether arising from *misfeasance* or *non-feasance*, or for an injury otherwise to the public, unlawful in itself and arising either from commission or the omission to perform a legal duty.

They may be indicted for erecting and continuing a building; for leaving railroad cars in a street; for neglecting to repair a highway; for permitting stagnant water to remain on their premises; for libel; for "Sabbath breaking," by doing work on Sunday in violation of a statute, and in many other instances.

It is true there are crimes of which, from their very nature, as perjury for example, they can not be guilty. There are crimes to the punishment for which, for a like reason, they can not be subjected, as in the case of a felony; but wherever the offense consists in either a *misfeasance* or a *non-feasance* of duty to the public and the

corporation can be reached for punishment as by a fine and the seizure of its property, precedent authorizes and public policy requires that it should be liable to indictment.

Any other rule would in many cases preclude adequate remedy and leave irresponsible servants to answer for the offense rather than those who are really most at fault. (Commonwealth v. Proprietors of New Bedford Bridge, &c., 2 Gray, 339; State v. The M. & E. R. Company, 33 N. J. Law, 360; L. & N. R. Company v. The State, 3 Head, 523; National Bank v. Graham, 100 U. S., 699.)

If it be said that such a rule may subject the property of innocent stockholders for the acts of the directors to which they are not actual parties and of which they have no knowledge, the answer is that they select the directors and it is their business to have those who will see that the corporate business is so conducted as not to injure others or infringe upon public right and good order in the community. If the penalty prescribed for the act be both fine and imprisonment, then so far as the punishment can not, from the nature of the offender, be carried out, the statute is of course inoperative.

The act of March 25, 1886, is not in conflict with and did not therefore repeal sections 7 and 10 of chapter 47 of the General Statutes.

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.