CASE 89.—PROSECUTION AGAINST THE LOUISVILLE. RAIL-
WAY CO. AND THE LOUISVILLE INTERURBAN
RAILROAD CO. FOR VIOLATION OF STATUTE RE-
LATING TO SEPARATE COMPARTMENTS FOR
WHITE AND COLORED PASSENGERS:—December 2.

## Louisville Ry. Co. v. Commonwealth

Appeal from Jefferson Circuit Court (Criminal Division).

W. ALLEN KINNEY, Special Judge.

The two cases heard together. Both defendants convicted—Affirmed as to Louisville Ry. Co: Reversed as to Louisville Interurban Railroad Co.

1. Railroads—Regulations—Separate Compartments for White and Colored Passengers—Street Railroads—Interurban Railroads.—While a street railroad operating within the territory to which its charter confines it, is not required by statute to furnish separate compartments for white and colored passengers, an interurban railroad must do so, and it cannot evade the performance of this duty by leasing its road to a street railroad or other railroad.

2. Same—A street railroad company operating interurban cars, violating Ky. Stats., 1903, section 795, requiring separate compartments for white and colored passengers with proper notices indicating the race by which they are to be used, cannot rely on a want of authority to operate the road as a defense.

3. Corporations—Criminal Prosecutions—Defenses—Ultra Vires.—A corporation indicted for a statutory offense is estopped from pleading that the act constituting the offense was ultra vires.

4. Criminal Law—Elements—Intent—Statutory Offenses.—Where a railroad company ran its interurban cars without having on each compartment for the white and colored races a sign

indicating by which race the compartment was to be used, as required by statute, it will be presumed that it knowingly and willfully violated the statute.

5. Railroads—Operation—Companies Liable for Injuries—Lessors and Lessees.—Even if a lease by a railroad company of its road to another company was without authority, it will be civilly liable for any breach of duty by the lessee in the operation of the road resulting in public or private injury.

6. Criminal Law—Elements—Intent—Statutory Crimes.—Where the Legislature has declared an act unlawful, one doing the act will be charged with a criminal intent only where it was voluntarily done.

7. Railroads—Regulations—Offenses—Persons Liable — Lessor Company.—A railroad company which leased its road to another company was not criminally liable for the act of the lessee in running its cars over the road, in violation of Ky. Stats., 1903, section 795, requiring interurban roads, etc, to indicate by appropriate notices which compartments are provided for white and colored passengers, in the absence of knowledge by it when executing the lease that the lessee would violate the statute; and it was immaterial whether or not such lease was valid.

CLARENCE DALLAM, KOHN, BAIRD, SLOSS & KOHN for appellants.

JAS. BREATHITT, Attorney General, THEO. B. BLAKEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE.

Appellants, Louisville Railway Company and Louisville & Interurban Railroad Company, were separately indicted in the court below for violating section 795, Ky. Stats., 1903, the specific charge against each being that it operated a railroad between the city of Louisville and O'Rell's Station, in Jefferson county, a distance of 10 miles, without causing or having each separate coach for the transportation of white and colored passengers on the line, or compartments thereof for each race, to bear in some con-

spicuous place appropriate words in plain letters in-
dicating the race for which it was set apart. A jury
was waived in each case, and they were heard together
by the lower court upon the agreed facts, and each
appellant was adjudged guilty and fined $500. Both
have appealed, and the cases have been submitted
together in this court.

It is contended by appellants that the indictments
were insufficient and the demurrer to each should have
been sustained. There is no force in this contention.
The indictments substantially follow the language of
the statute, and neither seems to lack any essential
averment necessary to constitute an offense under the
statute.

On the merits of the cases, we do not concur in so
much of the judgment of the lower court as fastens
guilt upon the appellant Louisville & Interurban Rail-
road Company, but do not think it necessary to decide,
as did that court, the question of whether the appel-
lant Louisville Railway Company was or not without
authority under its charter to operate a railroad be-
tween the points indicated. As a street railway oper-
ating within the territory to which its charter confines
it, the Louisville Railway Company is not required by
law to provide separate cars, or separate compart-
ments in its cars, for the transportation of white and
colored passengers. But interurban railroads are by
law required to do so, and they can not evade the per-
formance of this duty by leasing or otherwise turn-
ing over the use of their lines to a street railway or
other railroad. Commonwealth v. L. & N. R. R. Co.,
etc., 120 Ky. 91, 85 S. W. 712, 27 Ky. Law Rep.
497. It appears that the cars operated over the
line in question were owned and operated by the
appellant Louisville Railway Company, and whether

it did or did not have authority to so use said line, as it nevertheless did so, without having complied with section 795, Ky. Stats., 1903, by setting aside separate coaches or compartments in each coach for the separation of the white and colored races, bearing in a conspicuous place appropriate words in plain letters indicating the race for which it was set apart, it violated the statute in question. This being true, it would not, had it relied upon the want of authority under its charter to operate the road at all, have been allowed to escape punishment under the indictment on that ground. A corporation indicted for an offense punishable by statute will not, if guilty, be permitted to escape punishment by showing that the act constituting the offense was ultra vires. The doctrine of estoppel applies in such a case with full force. Under the admitted facts the appellant Louisville Railway Company was manifestly guilty of the offense charged in the indictment. It must be presumed to have knowingly and willfully violated the provisions of the statute. The trial court, therefore, properly inflicted upon it the fine complained of.

The attitude of the appellant Louisville & Interurban Railroad Company is, however, different. If it should be conceded that it was without authority to lease its roadbed to the Louisville Railway Company —which is not decided—it would nevertheless be civilly liable for any dereliction of duty upon the part of the latter resulting in public or private injury from operating its road, but it does not necessarily follow from these facts that it would be criminally liable for such wrongful acts of the Louisville Railway Company as are punishable under the criminal or penal laws of the State. It does not appear from the ad mitted facts in the cases that the Louisville & Interur

ban Railroad Company authorized the violation of the law committed by the Louisville Railway Company resulting in the indictment, or knew when it leased the latter the road in question that it would operate its cars thereon in a manner prohibited by section 795 of the Kentucky Statutes. We do not regard the state of case here presented as one to which the doc trine of agency should be applied. The relation be tween the two appellants is more nearly akin to that of landlord and tenant. And whether the lease under which the tenant Louisville Railway Company holds the Louisville & Interurban railroad's right of way and track is or not void, when the offense for which the former was indicted was committed, it was in pos- session of the property and operating its cars over the line. This court has held that the owner of leased premises is not liable to indictment for violations of the criminal or penal laws committed or suffered thereon by the tenant, in the absence of knowledge at the time of entering into the lease that such was the use to which the tenant intended to put the property; nor does the fact that such use of the property by the tenant furnished the landlord grounds for applying to a court of equity for a forfeiture of the lease makes him liable to indictment. Comonwealth v. Henrietta Morris, 129 Ky. ——, 112 S. W. 580, 33 Ky. Law Rep. 987; Commonwealth v. Conway, 112 S. W. 575, 33 Ky. Law Rep. 966. While it is true that "when the Legislature has declared that a given act shall be deemed unlawful, the person voluntarily doing said act will be charged with a criminal intent." Common- wealth v. Bull, 13 Bush 656. This rule applies only to unlawful acts which are voluntarily, and, in that sense, intentionally done. The facts in the record before us do not show the appellant Louisville & Interurban

Railroad Company guilty according to the above rule. It did not itself commit the unlawful act for which it was indicted, nor did the fact that it directly contributed to it by placing its railroad track in possession of the appellant Louisville Railway Company under a lease whether valid or void make it a voluntary participant in the unlawful act committed by the latter in the absence of knowledge at the time of making the lease that it would be committed.

The judgment is affirmed as to the appellant Louisville Railway Company, and reversed as to the appellant Louisville & Interurban Railroad Company, with directions to the lower court to grant the latter a new trial.