## Commonwealth of Ky. v. Illinois Central R. R. Co.

(Decided February 19, 1913.)

### Appeal from Hickman Circuit Court.

1. Corporations—Offense for Which Corporations Cannot be Indicted—Indictment Will Not Lie Against for Homicide.—Corporations cannot be indicted for offenses which derive their criminality from evil intention, or which consist in a violation of those social duties which appertain to men and subjects. They cannot be guilty of felony or offenses against the person; so, an indictment will not lie against a corporation for assault and battery or homicide.

2. Involuntary Manslaughter—Homicide of Lower Degree than Voluntary Manslaughter.—Involuntary manslaughter is homicide of lower degree than voluntary manslaughter defined by the common law to be the killing by one person of another person, in doing some unlawful act not amounting to a felony, nor likely to en-

danger life, but without an intention to kill; or where one person kills another while doing a lawful act in an unlawful manner.

3.  Homicide—Word "Person"—Meaning of.—By the word "person" as thus used, is meant a human being. So, in homicide of whatever degree, there must be a killing by one human being of another human being. The person doing the killing and the person killed must be of the same class, viz.: human beings.

4.  Corporations—An Artificial Person—Not of Class Which Belong Person Doing Killing—Cannot be Guilty of Involuntary Manslaughter.—A corporation, though for some purposes a person in law, is but an artificial person, and therefore, not of the class to which belong the person doing the killing and the person killed, in a case of homicide. The appellee having been indicted for involuntary manslaughter, an offense of which it cannot, in law, be guilty, the trial court committed no error in sustaining a demurrer to the indictment.

JAMES GARNETT, Atty. Gen'l., R. L. SMITH, Commonwealth Atty., for appellant.

TRABUE, DOOLAN & COX, C. L. SIVLEY, BENNETT, ROBBINS & THOMAS, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellee, Illinois Central Railroad Company, was indicted in the court below for the crime of involuntary manslaughter, committed as, in substance, alleged, by its servants in charge of an engine and cars, which they unlawfully and with gross and willful negligence ran at unreasonable speed into another of appellee's cars in which John Benedict was a passenger, whereby the latter was killed.

The Circuit Court sustained a demurrer to and dismissed the indictment, and from the judgment manifesting those rulings, the Commonwealth has appealed.

The question presented for decision by the appeal, is, will an indictment lie against a corporation, such as a railroad company, for involuntary manslaughter? The rule, as announced in the text books and by the decisions, is that a corporation cannot in general be indicted for ordinary crimes and misdemeanors that involve a criminal or immoral intent, such as are often grouped in books of the common law, under the threefold designation of treason, felony or breach of peace. There has been no departure from the above rule in this jurisdiction. We have, it is true, held that a corporation is liable to indictment whenever the offense consists either in a misfeasance or a non-feasance of duties to the public and the corporation

can be reached for punishment as by a fine and the seizure of its property; and that if the penalty prescribed for the offense be both fine and imprisonment the statute is inoperative as to the imprisonment, as that part of the punishment cannot from the nature of the offender, be carried out. Commonwealth v. Pulaski County, A. & M. Asso., 92 Ky., 197.

In the case, *supra,* the defendant corporation, a fair association, was indicted for permitting gaming on its grounds. A demurrer was sustained to the indictment on the ground, that being a corporation, the defendant could not commit the offense. In rejecting that doctrine the court in the opinion, following a statement of the common law on this subject, said:

"Experience showed the necessity of modifying the old rules, and the decided tendency of modern decision has been to extend the application of all legal remedies, both civil and criminal, to corporations and subject them thereto as in the case of individuals so far as is possible. It is, therefore, well settled in the courts of this country as well as in England that they are indictable for misfeasance as well as a non-feasance of duty unlawful in itself and injurious to the public. It has, therefore, been held that they may be indicted for a nuisance, whether arising from misfeasance or non-feasance, or for an injury otherwise to the public, unlawful in itself and arising either from commisson or the omission to perform a legal duty. They may be indicted for erecting and continuing a building; for leaving railroad cars in the street; for neglecting to repair a highway; for permitting stagnant water to remain on their premises; for libel; for "Sabbath breaking," by doing work on Sunday in violation of a statute, and in many other instances. It it true there are crimes of which, from their very nature, as perjury for example, they cannot be guilty. There are crimes to the punishment for which, for a like reason, they cannot be subjected, as in the case of a felony; but wherever the offense consists in either a misfeasance or a non-feasance of duty to the public and the corporation can be reached for punishment as by a fine and the seizure of its property, precedent authorizes and public policy requires that it should be liable to indictment."

While not mentioned in the opinion, *supra,* homicide, in any of its degrees, is not an offense for which a cor-

poration may be indicted; at any rate, no court so far as we are advised, has ever so decided.

An interesting discussion of the doctrine in question, is contained in Volume 5, Sections 5620 and 5621, Thompson on Corporations. In Section 5621 it is, among other things said:

"Corporations cannot be indicted for offenses which derive their criminality from evil intention, or which consist in a violation of those social duties which appertain to men and subjects. They cannot be guilty of treason and felony; of perjury or *offenses against the person*. But beyond this, there is no good reason for their exemption from the consequences of unlawful and wrongful acts committed by their agents in pursuance of authority derived from them. Such a rule would, in many cases, preclude all adequate remedy, and render reparation for an injury, committed by a corporation, impossible; because it would leave the only means of redress to be sought against irresponsible servants, instead of against those who truly committed the wrongful act by commanding it to be done. There is no principle of law which would thus furnish immunity to the corporation. * * * It is now settled beyond dispute in most jurisdictions that a corporation is responsible for the criminal acts or omission of its officers or agents to the same extent that it is civilly liable for its torts and the fact that it cannot be punished in all the ways that an individual offender may be punished does not affect the principle. Though a corporation is not subject to imprisonment still it may be punished by a fine and the fine may be enforced against its property or it may have its charter forfeited for abuse."

In Section 5621 it is also said:

"The corporation cannot be prosecuted for a crime where the punishment prescribed cannot be imposed upon a corporation. Thus, a corporation cannot be indicted for a felony because the punishment for a felony is death or imprisonment. But if the penalty provides for fine or imprisonment then the corporation may be indicted because punishment by fine may be imposed for the offense. A corporation cannot, in the nature of things, be guilty of treason, felony or perjury. So, a corporation cannot be prosecuted for larceny, assault and battery or homicide. But it has been held that a corporation, owner of a steam vessel, may be guilty of manslaughter under the

federal statute which provides that every owner of a vessel through whose misconduct, fraud, or violation of law lives are lost on such vessel shall be deemed guilty of manslaughter and upon conviction thereof, shall be sentenced to confinement at hard labor, though it cannot be subjected to the punishment imposed; and this fact has been held not to affect the right of the government to prosecute individuals under said statute, who aid and abet the corporation in the commission of a crime.''

1 Bishop's New Criminal Law, Secs. 417-418-419-421-422; 10 Cyc., 1231.

The crimes murder and manslaughter are not defined by statute in this state, though the punishment for the former and voluntary manslaughter is prescribed by statute, but both are defined by the common law and accepted by the courts of the state as thereby defined. Involuntary manslaughter a lesser degree of manslaughter, is an offense at the common law for which no penalty is prescribed by statute in this state; consequently the punishment inflicted upon persons convicted in the state of involuntary manslaughter, is that prescribed by the common law for the offense, viz.: a fine in any amount, or imprisonment in jail any length of time, or both, in the discretion of the jury. Brown v. Commonwealth, 122 Ky., 626; Spriggs v. Commonwealth, 113 Ky., 724.

It is insisted for the Commonwealth that as involuntary manslaughter is but a misdemeanor, the commission of which does not require an intent, it is an offense for which a corporation may be indicted, and, if convicted, punished by a fine, although it could not be imprisoned in jail, if imprisonment were a part of or all the punishment inflicted by the verdict of the jury. This contention is, in our opinion, unsound for two reasons. First, because, however certain its civil liability therefor when committed by its servants in the apparent scope of their authority, a corporation cannot be criminally prosecuted for offenses against the person, such as assault and battery or homicide. Second, because involuntary manslaughter is homicide, and homicide is the killing of one human being by another human being.

Involuntary manslaughter is the killing by one person of another person, in doing some unlawful act not amounting to a felony, nor likely to endanger life, and without an intention to kill; or where one kills another while doing a lawful act in an unlawful manner. Rob-

erson's Kentucky Criminal Law, section 198; Conner v. Commonwealth, 13 Bush, 718; Trimble v. Commonwealth, 78 Ky., 177; York v. Commonwealth, 82 Ky., 368; Westrup v. Commonwealth. 123 Ky., 95.

We are aware that section 457, Kentucky Statutes, declares that the word "person" may extend and be applied to bodies politic and corporate, societies, communities, and the public generally, as well as individuals, partnerships, persons and joint stock companies. But in a case of homicide, though it be involuntary manslaughter, it would, we think, be giving the word "person" a tortured meaning to say that it includes a corporation. The word person may include in its meaning a corporation, but it does not in all cases necessarily do so. Besides, as in homicide of whatever degree, there must be a killing by one person of *another* person, the word "another" can only mean another member of the same class as the slayer, and a corporation, though a "person" in law, is but an artificial person, and, therefore, not of the class to which the person slain belongs.

In People v. Rochester R. & L. Co., 195 N. Y., 102, 21 L. R. A. (n. s.), 998, the corporation, a railway and light company, was indicted for what is defined by section 193, New York Penal Code, as manslaughter in the second degree, which seems to be the identical offense known at the common law, and with us, as involuntary manslaughter. It was charged in the indictment that the corporation installed certain apparatus in a residence in Rochester in such a grossly improper, unskillful and negligent manner that gases escaped and caused the death of an inmate. A demurrer to the indictment presented the question whether a corporation might be thus indicted for manslaughter under the laws of New York. The demurrer was sustained by the trial court and a judgment to that effect, on appeal, affirmed. After citing and commenting upon numerous authorities, both English and American, on the question involved, the Court of Appeals concluded its opinion by setting forth the following reasons for its conclusion that the indictment would not lie:

"Within the principles thus and elsewhere declared, we have no doubt that a definition of certain forms of manslaughter might have been formulated which would be applicable to a corporation, and make it criminally liable for various acts of misfeasance and non-feasance when resulting in death, and amongst which very probably

might be included conduct in its substance similar to that here charged against the respondent. But, this being so, the question still confronts us whether corporations have been so made liable for the crime of manslaughter as now expressly defined in the section alone relied on by the people; and this question, we think, must be decisively answered in the negative. Section 179 of the Penal Code defines homicide as 'the killing of one human being by the act, procurement or omission of another.' We think that this final word 'another' naturally and clearly means a second or additional member of the same kind or class alone referred to by the preceding words; namely, another human being; and that we should not interpret it as appellant asks us to, as meaning another 'person,' which might then include corporations. It seems to us that it would be a violent strain upon a criminal statute to construe this word as meaning an agency of some kind other than that already mentioned or referred to, and as bridging over a radical transition from human beings to corporations. Therefore we construe this definition of homicide as meaning the killing of one human being by another human being. Section 180 says that "homicide is either: 1. Murder; 2. Manslaughter;' etc. Section 193 says that 'such homicide'—that is, 'the killing of one human being * * * by another'—is manslaughter in the second degree when committed 'without a design to effect death * * *. 3. By any act, procurement, or culpable negligence of any person, which * * * does not constitute the crime of murder in the first or second degree, nor manslaughter in the first degree.' Thus we have the underlying and fundamental definition of homicide as the killing of one human being by another human being, and out of this basic act thus defined, and according to the circumstances which accompany it, are established crimes of varying degree, including that of manslaughter, for which the respondent has been indicted. In the definition of these crimes, as contained in the sections under consideration, (183-193) we do not discover any evidence of an intent on the part of the legislature to abandon the limitation of its enactments to human beings, or to include a corporation as a criminal. Many of these sections could not, by any possibility, apply to a corporation, and, in our opinion, subdivision 3 of section 193, relating to manslaughter, manifestly does not. It is true that the term 'person,' used therein, may, at times,

include corporations, but that is not the case here. The surrounding and related sections are not calculated to induce the belief that it has any such meaning; and the classification of manslaughter as a form of homicide, and the definition of homicide, already quoted, forbid it. The judgment should be affirmed.''

In Commonwealth v. Punxsutawney Street Pass. R. Co., 24 Pa. Co. Ct. 25, in quashing an indictment for manslaughter the court said:

''That a corporation may be indicted for non-feasance or misfeasance resulting in nuisances, and the like, is well settled; but we are not aware of any decision that has gone the length of holding that a corporation may be indicted for a crime involving the elements of personal violence and criminal intent, and none has been cited. It is liable civilly for the torts of its agents in the course of their employment, and, under certain circumstances, may be mulcted in exemplary damages. These damages only are allowed by way of punishment for a wrong committed, and in a measure answer the purposes of a fine imposed in a criminal case. As was suggested on the argument, some courts have shown a tendency to enlarge on the criminal liability of corporations, but no court has gone so far as we are urged to go in this case. Hence, not a single case is to be found to sustain this indictment. We should make haste slowly when it is in the direction of holding either an individual or a corporation criminally responsible for a crime committed by an employe without his or its knowledge or consent. Moreover, the criminal act alleged here is so far *ultra vires* as to contravene all accepted rules in the criminal law for making it the act of the principal.''

In R. v. Great Western Laundry Company, 3 Can. Crim. Cas., 514, where a corporation was indicted for manslaughter arising out of the death of an employe, alleged to have been caused by its unlawful failure to take reasonable precautions in respect to certain dangerous machinery left unguarded, the indictment seems to have been based upon a statute providing that homicide is culpable when it consists in the killing of any person, either by an unlawful act or by an omission, without lawful excuse. It was held that, ''although the statute was sufficiently broad to comprehend the corporation, a demurrer to the indictment was properly sustained on the ground that a corporation cannot be made criminally lia-

ble for such acts as are spoken of as crimes in the more popular sense of the word; that is, crimes of which the essence is the personal criminal intent or malice, or negligence carried to an extent that it amounts to wilfully incurring the risk of causing injury to others." Upon this point the court continued:

"Whether, if a corporation can be held criminally liable, as it certainly can, for one class of cases resulting from negligence, it is illogical not to extend its criminal liability to manslaughter resulting from negligence, is not for me to say; but, sitting as a trial judge, I cannot say that I have any doubt that, as the law stands at present, I cannot so extend it. On these grounds I would have to allow a demurrer; but there is the additional objection to it which also, I think, would have to prevail, that a corporation cannot be punished for manslaughter."

We regard the foregoing authorities as conclusive of the instant case. While the tendency of the later cases is to extend the doctrine of corporate civil liability for torts, involving personal violence, to criminal prosecutions; in most states in which that has been done the indictments provided for, are designed mainly to furnish a civil remedy in favor of the estate of the deceased, although in the form of a criminal action; therefore, the decisions in those states are of little importance in determining the question before us.

Manifestly, a corporation cannot be indicted for a form of homicide, the only punishment for which is death or imprisonment; for being an intangible thing it cannot be subject to such penalties. But, as intimated by the learned commentator in a footnote to People v. Rochester R. & L. Co., *supra,* as to the lesser degrees, at least those not involving actual intent, for which the penalty prescribed may be a fine, it would seem that an indictment might be made to lie, if authorized by a statute including corporations.

It is patent, however, that we have no such statute in this state; and the statute which provides that the word, "person" may include a corporation, makes of the corporation only an artificial person, incapable, without a legislative enactment so declaring, of committing the crime which the common law declares to be involuntary manslaughter.

In our view of the law the Circuit Court ruled correctly in sustaining the demurrer.

Wherefore the judgment is affirmed.