## Cooley v. Commonwealth.

(Decided September 26, 1922.)

### Appeal from Floyd Circuit Court.

1. Indictment and Information—Evidence.—Where an indictment charges a certain offense a conviction cannot be obtained unless the Commonwealth can support the specific charge with sufficient evidence.

2. Criminal Law—Aiders and Abettors—Principals.—In misdemeanor cases all participants are principals, not aiders or abettors.

3. Criminal Law—Encouraging Another to Commit Crime.—Although one may advise or encourage another to commit a crime, there is no guilt unless there is evidence showing that the person so advised or encouraged actually committed the crime.

J. D. SMITH for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant Cooley was convicted in the Floyd circuit court of the offense of unlawfully transporting liquor. He asks a reversal of the judgment upon several grounds, but we need notice only two of them: (1) He contends the evidence is insufficient to support the verdict; (2) the instructions given by the court to the jury were prejudicially erroneous.

(1) The evidence shows that on Sunday morning Cooley and several other persons met at a barn on their

way to church. Some one in the crowd suggested that he would like to have a drink of whiskey; during the conversation an uncle of the appellant said to appellant that if appellant went to get any liquor he would contribute a dollar to the cost of a quart, at the same time the uncle gave to appellant one dollar which he had on the Saturday previous borrowed from appellant. It is not clear from the evidence that any other member of the party offered to contribute to the cost of the quart, but there is an intimation on the part of some witnesses that some other member of the party did make such suggestion. The uncle of appellant, however, states that in telling appellant he would contribute a dollar towards the cost of a quart he intended to borrow the dollar from appellant and pay it to him later, that is, allow appellant to pay for the whiskey out of his own money and return the amount to him later. After church, which lasted about two hours, the parties, together with other persons, assembled at the barn. Appellant was there; they found in a trough in the barn a container with a small quantity of liquor, estimated by one of the party to be about two drinks. From this container some of the party took a drink. No witness for the Commonwealth testified that appellant brought the liquor, or that he furnished it, or that it was his liquor. No one saw him go for the liquor or bring the liquor to the barn. There is no direct evidence that he transported it at all, or even touched it. Appellant testified that he did not bring the whiskey to the barn and did not know who did; that it was not his whiskey and he did not know who provided it; that the first time he saw it it was setting in the trough. In fact the only evidence against appellant appears to be the statement made by him to the crowd before going to church that he thought he could get some liquor. There is an intimation in the brief of counsel that the liquor was provided by another person who happened to have a small quantity, and was not obtained by appellant. However this may be, it is wholly unimportant because it is not found in the evidence. The charge in the indictment of transporting liquor was not sufficiently sustained by the evidence offered by the Commonwealth.

(2) The instructions are erroneous in that they directed the jury to find appellant guilty of the charge in the indictment if the jury believed from the evidence beyond a reasonable doubt that appellant, within twelve months before the finding of the indictment, transported

liquor in Floyd, Kentucky, *or that he aided, assisted, advised or encouraged any other person to transport liquor.* In misdemeanor cases all participants are. principals, not aiders or abettors. If appellant Cooley knowingly aided or assisted another person to transport liquor he was guilty as principal. The fault in the instructions, however, lies in the next clause which directed the jury to find appellant guilty if he advised or encouraged another person to transport liquor. Although one may advise or encourage another to commit a crime he would not be guilty unless the person so advised or encouraged actually committed the crime. The instructions did not so tell the jury but directed the jury to find the appellant guilty if he advised or encouraged another to transport liquor, even though such other person did not accept the advice or follow the encouragement given him by appellant to transport liquor. In this respect the instruction was erroneous.

Judgment reversed for proceedings consistent with this opinion.