## Rickman v. Commonwealth.

(Decided March 20, 1925.)

### Appeal from McCracken Circuit Court.

1. **Indictment and Information—Indictment in Liquor Prosecution Held Not Objectionable as Charging a Conclusion.**—Indictment that defendant knowing that another was manufacturing moonshine whiskey knowingly aided and abetted him by furnishing certain articles, and by transporting and disposing of whiskey so made, held not objectionable as charging a conclusion by word "knowingly."

2. **Intoxicating Liquors—Indictment for Aiding and Abetting Manufacture of Liquor Held to Charge Defendant with Information Regarding Unlawful Manufacture.**—Indictment charging defendant with knowledge of unlawful intentions of another in manufacturing whiskey and knowingly aiding and abetting such other therein, and disposal of product, held to charge defendant with information regarding unlawful manufacture before it was done, as it was done, and when it was completed.

3. **Intoxicating Liquors—Aider and Abettor Dividing Proceeds Held Guilty of Manufacturing.**—One aiding and abetting unlawful manufacture of liquor, and dividing proceeds of sales with manufacturer, was guilty of unlawfully manufacturing intoxicating liquors.

4. **Intoxicating Liquors—One Indicted for Manufacturing May be Convicted on Proof that he Aided and Abetted Therein.**—In misdemeanor cases, one indicted for manufacturing intoxicating liquor unlawfully may be convicted on on proof that he aided and abetted therein, and, if indicted for aiding and abetting, may

be convicted on proof that he was principal offender, in view of Ky. Stats., section 2554a-3.

5. Criminal Law—New Trial for New Evidence to Impeach State's Witness Properly Denied for Want of Diligence.—New trial would not be granted for new evidence to impeach state's witness, where defendant had more than three months after return of prior indictment, which was dismissed, to get ready for trial, and knew witness was going to testify against him, and no explanation was given of failure to find impeaching witness before trial.

6. Criminal Law—New Trial to Secure Evidence to Impeach Witness Held Properly Denied.—New trial for newly discovered evidence held properly denied, where its effect would merely tend to discredit or impeach witness testifying against defendant.

REED & BURNS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Appellant was fined $500.00 and sent to jail for six months for manufacturing intoxicating liquor. The indictment charged that Willie Milliken unlawfully manufactured intoxicating liquor, and that Rickman, knowing that Miliken was aiming to and was manufacturing illicit or moonshine whiskey, knowingly aided and abetted Willie Milliken in the manufacture thereof by furnishing him a still, meal, sugar, yeast, barrels, stove, coal oil and other things, and by taking, transporting and disposing of the whiskey which Milliken made. Rickman's demurrer to this indictment was properly overruled. The charge that Rickman did this knowingly was not a conclusion. It charged as a fact, that he knowingly aided and abetted Milliken in this and set out how he did it just as fully and completely as if the word knowingly had been repeated before each of the words, furnishing, taking, transporting and disposing.

The indictment charges Rickman with the knowledge of the unlawful intentions and activities of Milliken, and after charging him with that, further charges him with knowingly aiding and abetting Milliken therein, and sets out how he did so, charging, among other things, that he received and disposed of the product. Thus Rickman is charged with information regarding this unlawful manufacture before it was done, as it was done and when it was completed.

This case is different from the cases of Commonwealth v. Conway, 33 Rep. 996, 112 S. W. 575; Commonwealth v. Morris, 129 Ky. 440, 112 S. W. 580, 33 Rep. 987, and Louisville Railway Company v. Commonwealth, 130 Ky. 738, 114 S. W. 343, 132 Am. St. Rep. 408, as the question in each of those cases was the responsibility of the landlord for the use of the leased premises for unlawful purposes, and in each case it was held that the indictments were demurrable because they did not charge the landlord with having knowledge when the lease was made of the intention of the lessee to make an unlawful use thereof.

The indictment is supported by the evidence of Milliken, but because he says that Rickman divided with him the money received from the sale of the whiskey, Rickman contends there is no proof to support the verdict, as the proof shows that he was a partner. If the evidence is true, he was a partner, and was properly convicted of manufacturing intoxicating liquor unlawfully.

In a misdemeanor case, a man indicted for manufacturing intoxicating liquor unlawfully may be convicted upon proof that he aided and abetted therein, and if he is indicted for aiding and abetting, he may be convicted upon the proof that he was the principal offender. "All participants are principals in misdemeanor cases, not aiders or abettors." Cooley v. Commonwealth, 195 Ky. 720, 243 S. W. 915; section 2554a-5, Kentucky Statutes.

The cases of Hollin v. Commonwealth, 158 Ky. 427, 165 S. W. 407, L. R. A. 1915E 608, and Terhune v. Commonwealth, 144 Ky. 370, 138 S. W. 274, relied on by appellant, are felony cases wherein a different rule prevails.

The first indictment against appellant was returned January 15, 1924. That indictment was dismissed. The matter was resubmitted to the grand jury which returned the indictment under which this trial was had on April 18, 1924. The appellant was tried shortly thereafter. Annie Milliken's name was given as a witness on both of these indictments. Thus the appellant had more than three months in which to get ready for trial, and during all of the time he knew she was going to be a witness against him. Yet after he was tried, he then came into court and brought along four witnesses who made affidavits that Annie Milliken's reputation for truth and veracity was bad, that she is a dope fiend, and mentally irresponsible; but it seems strange to us that these wit-

nesses were so readily found after the trial, and no explanation is given of his failure to find them before the trial. Of course, he could not know what Annie Milliken would swear, but if her reputation for truth and veracity is bad, he could by reasonable diligence have ascertained that just as well before the trial as after. A new trial will not ordinarily be granted where the newly discovered evidence merely tends to impeach a witness who testified at the trial. See L. & I. R. R. Co. v. Roberts, 190 Ky. 744, 228 S. W. 681.

Appellant also asks for a new trial because he says he can prove by George Milliken, brother of Willie Milliken, that Willie Milliken told him he was to get $200.00 and to be turned out of jail if he would give evidence that would implicate the appellant; but there is nothing in George Milliken's affidavit to show that Willie Milliken said to him that his evidence given in this trial was untrue, and this evidence of George Milliken would merely tend to discredit or impeach Willie Milliken, and cannot avail the appellant for the same reason given above as to the evidence tending to discredit Annie Milliken.

The judgment is affirmed.