## Boggs v. Commonwealth.

(Decided March 11, 1927.)

### Appeal from Lawrence Circuit Court.

1. Intoxicating Liquors—Defendant's Guilt, in Prosecution for Possessing Liquor, Held for Jury.—Evidence held sufficient to take question of defendant's guilt to jury, in prosecution for possessing liquor, where witnesses watched defendant carry jugs containing moonshine whiskey to hillside where they were buried.

2. Criminal Law—State's Witnesses Who Dug up and Appropriated Whiskey Buried by Defendant Were Not Defendant's "Accom-

plices," Requiring Corroboration (Criminal Code of Practice, Section 241).—Witnesses for state, who dug up and appropriated moonshine whiskey buried by defendant, were not defendant's accomplices in possessing liquor, requiring corroboration of their testimony, since taking was in hostility to defendant's possession; "accomplice," within Criminal Code of Practice, section 241, being one who knowingly, voluntarily, and with common interest with principal offender unites in commission of crime.

3.   Intoxicating Liquors—In Prosecution for Possessing Liquor, Defendant, Charged Only as "Principal," May be Convicted as Aidei and Abettor (Ky. Stats., Supp. 1926, Section 2554a-5).—In prosecution for possessing liquor under indictment charging defendant only as "principal" he may be convicted as aider and abettor, in view of common-law rule that all participating in misdemeanors are principals, and Ky. Stats., Supp. 1926, section 2554a-5, providing that aiders and abettors in violating state prohibition law shall be deemed principals.

C. F. SEE, JR., for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Dietzman—Affirming.

Under an indictment charging him with the offense of unlawfully possessing intoxicating liquor, the appellant was found guilty and has appealed.

The commonwealth introduced on the trial only two witnesses, William Fitzgerald and Allen Diamond. They testified, in substance, that they were at the passenger depot and observed John Wellman, Cud Wellman and George Atkins going by in an automobile. Being of the opinion that they would discover something of interest if they followed these men, these witnesses did follow them out of town and up a hill. These men had left their automobile standing in the road, and had gone around to the back side of the hill. So the witnesses then concealed themselves to await and observe further developments. In a short time, the two Wellmans came back to the automobile, got in and drove back to town. Atkins stayed on the hillside, lighting a fire to warm himself by while his companions were gone. The two Wellmans were not gone long. On their return, they brought with them in the automobile the appellant. When he first got out of the automobile, he was carrying a mattock and a spade. The Wellmans, Atkins and appellant then took a number of jugs out of the automobile and carried them around the

side of the hill. It required several trips to get all the jugs out of the machine and around the hill. On one of these trips the appellant took his spade and mattock with him. After a brief period, the crowd came back to their automobile and drove away. The two witnesses, then emerged from their hiding place, went around the side of the hill, and there discovered where the ground had been freshly disturbed. Obtaining some sticks, they soon unearthed the jugs they had seen the men carrying around the side of the hill. The jugs contained moonshine whisky, which these witnesses proceeded to convert to their own use. The appellant admitted he was in the machine with the two Wellmans on the occasion in question, but said he was invited by them to ride out to the hill for the purpose of bringing Atkins back to town. He denied going around the side of the hill, or having any spade, mattock, or whisky in his possession. Indeed he said he saw no whisky in the car or otherwise on this occasion.

On these facts, appellant was not entitled to a peremptory instruction. There was ample evidence to take the case to the jury on the question of his guilt of the offense charged. The argument that the case of the commonwealth rested solely on the testimony of accomplices merits but little consideration. Fitzgerald and Diamond had nothing to do with appellant's possession of this liquor. Indeed, their taking possession of the liquor was in hostility to the appellant's possession of it. In Baker v. Commonwealth, 212 Ky. 50, 278 S. W. 163, we defined an accomplice within the meaning of Criminal Code, section 241, as one who knowingly, voluntarily, and with common interest with the principal offender, unites in the commission of the crime, either by being present and joining in the criminal act, by aiding and abetting in its commission, or, not being present, by advising and encouraging in its commission. Fitzgerald and Diamond fail to come within this definition so far as appellant's offense is concerned.

Appellant argues that the lower court should not, as it did, have submitted to the jury, in addition to the question of his unlawful possession of this liquor, the question whether he knowingly aided or abetted his companions in having this liquor unlawfully in their possession. He says that the indictment charges him only as principal, and that, under such an indictment, he cannot be con-

victed as an aider or abettor. Aside from the common-law rule that the distinction between principals and aiders or abettors and accessories applies only in case of felonies, and that all who participate in misdemeanors are principals and indictable as such—see 16 C. J. 120—section 2554a-5 of the Kentucky Statutes (1926 Supplement) specifically provides that any one who knowingly aids or abets another in the violation of any of the provisions of our state prohibition law, commonly known as the Rash-Gullion Act, shall he deemed a principal and be punishable as such. In Cooley v. Commonwealth, 195 Ky. 720, 243 S. W. 915, we held, in a case arising under the state prohibition law which preceded the Rash-Gullion Act, that one indicated as a principal for the unlawful transportation of liquor could be convicted if shown to be only an aider or abettor, although we reversed that case for an error in the instructions. Section 2554a-5 of the statutes, *supra*, did not appear in the prohibition statute under which Cooley was tried, and if, in the absence of such a provision as section 2554a-5, Cooley, though indicted as a principal, could be convicted if shown to be only an aider or abettor, *a fortiori* may appellant so be when we have such a provision in the prohibition law under which he was tried as section 2554a-5. In Rickman v. Commonwealth, 208 Ky. 655, 271 S. W. 701, we said:

"In a misdemeanor case, a man indicted for manufacturing intoxicating liquor unlawfully may be convicted upon proof that he aided and abetted therein. . . . In misdemeanor cases 'all participants are principals, not aiders or abettors.' "

These cases dispose of this contention of appellant.

The judgment of the lower court being correct, it is affirmed.