James WOMBLES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 9, 1959.

S. M. Ward, Harold Garland Wells, Hazard, for appellant.

Jo M. Ferguson, Atty. Gen., Earle V. Powell, Asst. Atty. Gen., for appellee.

STEWART, Judge.

James Wombles moves for an appeal from a judgment convicting him of the offense of violating the terms and conditions of KRS 350.060(1) by engaging in strip mining without first having obtained a permit to do so from the Department of Conservation. A fine of $500 was assessed against him.

A reversal of the judgment is urged upon the grounds: (a) That the indictment did not allege a public offense; (b) that, if the indictment did properly charge the above-mentioned crime, the evidence did not prove he engaged in strip mining; and (c) that the "Strip Mining Act" is unconstitutional.

Although we entertain grave doubts whether the language of the indictment did in fact spell out a charge against Wombles as an alleged violator of the Strip Mining Act, we shall not devote any discussion in this opinion to this point, because we have concluded the evidence introduced failed to establish that Wombles ever did strip mining within the meaning of the Act and, in consequence, the judgment must be reversed for this reason. Accordingly, we deem it unnecessary to address ourselves to the constitutional question raised.

What we call the Strip Mining Act is embraced in KRS Chapter 350. The pertinent portion of the statutory subsection Wombles is accused of disregarding provides that " * * * no *operator* shall

engage in strip mining without having first obtained from the Department of Conservation a permit designating the area of land affected by the operation. * * *" See KRS 350.060(1). According to KRS 350.-010(6), " 'Operator' means any person, partnership or corporation engaged in strip mining who removes or intends to remove more than two hundred and fifty tons of coal from the earth by strip mining within twelve successive calendar months."

■ There was not a shred of evidence produced by the Commonwealth which disclosed that Wombles, individually, was ever engaged in strip mining in the capacity of an operator. On the contrary, the proof established, without contradiction, that the particular mining operation out of which this criminal action arose was performed by Old Kentuck Coal Company. The latter is a Kentucky corporation, and, although Wombles owns stock in it in an amount not revealed, he has never participated in the management of it. His father at all times mentioned herein was the exclusive head of the company and he alone controlled and directed its activity. Wombles testified he did not regularly work for the company; and, if and when he did, it must be inferred he worked under orders from his father.

In the face of the foregoing evidence we have no alternative but to hold that Wombles was not an operator engaged in strip mining within the meaning of KRS 350.-060(1). If anything, he was at most only an intermittent employee of Old Kentuck Coal Company, and the latter was the operator, subject to the provisions of the Strip Mining Act, if anyone was under the facts presented.

■ In connection with the Strip Mining Act, KRS 350.990(1) reads: "Any operator who engages in strip mining in violation of the provisions of this chapter shall be fined not less than one hundred dollars nor more than five thousand dollars for each offense, and each day upon which a violation occurs or continues shall constitute a separate offense." We have many times held that a corporation may be indicted and proceeded against for an offense which is punishable by fine. See Commonwealth v. Illinois Cent. R. Co., 152 Ky. 320, 153 S.W. 459, 45 L.R.A.,N.S., 344, Ann.Cas.1915B, 617; Louisville Ry. Co. v. Commonwealth, 130 Ky. 738, 114 S.W. 343, 132 Am.St.Rep. 408; and Commonwealth v. Pulaski County Agricultural & Mechanical Ass'n, 92 Ky. 197, 17 S.W. 442, 13 Ky. Law Rep. 468.

Wherefore, the motion for an appeal is sustained and the judgment is reversed with directions that, if the evidence be substantially the same at another trial, the Court will direct a verdict of acquittal.