**COMMONWEALTH of Kentucky,
Appellant,**

v.

**FORTNER LP GAS COMPANY,
INC., Appellee.**

Court of Appeals of Kentucky.

Oct. 31, 1980.

Discretionary Review Denied
Feb. 13, 1981.

Steven L. Beshear, Atty. Gen., K. Gail Leeco, Asst. Atty. Gen., Frankfort, for appellant.

Thomas L. Osborne, Hopkinsville, for appellee.

Before GANT, GUDGEL, and WINTERSHEIMER, JJ.

GANT, Judge.

On March 13, 1979, a school bus was returning children to their homes in Livingston County. Phillip Kirkham, age 10, and his sister, Windy Kirkham, age 6, alighted from the bus and were attempting to cross the highway when a truck owned by appellee Fortner LP Gas Company, Inc. came upon the scene. The driver of the truck observed the bus about 400 feet ahead, geared down and applied the brakes, but failed to stop. The truck struck both children, injuring Phillip and killing Windy instantly. A subsequent inspection of the truck disclosed grossly defective brakes.

The grand jury indicted the corporation for manslaughter in the second degree under KRS 507.040, a class C felony with its basis in wantonness. The corporation moved to dismiss the indictment, relying primarily on the case of *Commonwealth v. Illinois Central Railway Co.*, 152 Ky. 320, 153 S.W. 459 (1913). The lower court sustained the motion, dismissing the indictment, and the Commonwealth appeals. We reverse.

For many years the *Illinois Central* case, *supra*, has been the definitive case on corporate responsibility for criminal conduct, but that case must be considered in light of its date, the statutory changes since that date, and its total holding. Basically, the holding of that court that "corporations cannot be indicted for offenses which derive their criminality from evil intention or which consist in a violation of those social duties

which appertain to man and subjects" was predicated on two things. First, in 1913 there was no separate punishment for corporations provided by statute, and second, the court was unwilling, in a criminal prosecution, to extend the definition of the word "person," as permitted by Section 457, Kentucky Statutes, to include corporations. But in this case, at page 328, 153 S.W. 459, the court warned that "as to lesser degrees, for which the penalty prescribed may be a fine, it would seem that an indictment might be made to lie, if authorized by a statute including corporations."

The case at bar is clearly distinguishable, and, *a fortiori*, the statutes clearly authorize indictments against a corporation. Section 457, Kentucky Statutes, is still on the books as KRS 446.010(26), but an additional statute, KRS 500.080(12), has been added within the Penal Code itself, which contains the following definition:

"Person" means human being, and where appropriate, a public or private corporation an unincorporated association, a partnership, a government or a governmental authority.

Thus, in addition to the general definition in KRS 446.010(26), the legislature manifested its clear intention in regard to corporate responsibility by including an even stronger definition within the Penal Code itself.

But we are not limited to this one indicia within the Code. There is a specific section, KRS 502.050, as follows:

KRS 502.050. Corporate liability.

(1) A corporation is guilty of an offense when:

(a) The conduct constituting the offense consists of a failure to discharge a specific duty imposed upon corporations by law; or

(b) The conduct constituting the offense is engaged in, authorized, commanded or wantonly tolerated by the board of directors or by a high managerial agent acting within the scope of his employment in behalf of the corporation; or

(c) The conduct constituting the offense is engaged in by an agent of the corporation acting within the scope of his employment and in behalf of the corporation and:

1. The offense is a misdemeanor or violation; or

2. The offense is one defined by a statute which clearly indicates a legislative intent to impose such criminal liability on a corporation.

(2) As used in this section:

(a) "Agent" means any officer, director, servant or employe of the corporation or any other person authorized to act in behalf of the corporation.

(b) "High managerial agent" means an officer of a corporation or any other agent of a corporation who has duties of such responsibility that his conduct reasonably may be assumed to represent the policy of the corporation. (See also Commentary.)

Of further persuasion of legislative intent to impose corporate criminal liability is KRS 534.050:

KRS 534.050. Fines against corporation.

(1) For an offense defined in this code a corporation convicted of an offense may be sentenced to pay a fine in an amount not to exceed:

(a) For a felony of any class, $20,000; or

(b) For a Class A misdemeanor, $10,000; or

(c) For a Class B misdemeanor, $5,000; or

(d) For a violation, $500; or

(e) Double the amount of the defendant's gain from commission of the offense, whichever is greater.

(2) For an offense defined outside this code for which no special corporate fine is specified, a corporation convicted of an offense may be sentenced to pay a fine in an amount not to exceed:

(a) $20,000, if the offense when committed by an individual has an authorized term of imprisonment in the penitentiary; or

(b) $10,000, if the offense when committed by an individual has an authorized term of imprisonment of not less than ninety days nor more than twelve months; or

(c) $5,000, if the offense when committed by an individual has an authorized term of imprisonment of less than ninety days; or

(d) $500, if the offense when committed by an individual has no authorized term of imprisonment; or

(e) Double the amount of the defendant's gain from commission of the offense, whichever is the greater.

(3) For an offense defined outside this code for which a special corporate fine is specified, a corporation convicted of the offense may be sentenced to pay a fine in the amount specified in the law that defines the offense.

As pointed out in the Commentary under KRS 502.050:

The major difficulty with corporate responsibility under the criminal law has been the obvious fact that corporations cannot be imprisoned for commission of crimes. This difficulty should be eliminated through the creation in KRS 534.050 of a penalty structure that provides corporate fines for commission of all classes of crimes.

Taken collectively, these statutes are clearly the type envisioned by the court in *Commonwealth v. Illinois Central Railway Co., supra,* when it said that an indictment might lie if authorized by statute.

The order of the lower court dismissing the indictment is reversed.

All concur.